IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDOLPH M. BAGGETT,
    Plaintiff,

vs.                                              Case No. 3:08cv39/MCR/EMT

CHRISTOPHER A. BAGGETT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on a civil complaint for damages filed pursuant to 28 U.S.C. § 1332 (Doc. 1 at 1). Upon review of the complaint, it is apparent that venue is not proper in the Northern District of Florida. Accordingly, this case should be transferred.

        Plaintiff is a citizen of Florida and an inmate of the Florida correctional system (Doc. 1 at 1). He names three Defendants in this matter, Christopher A. Baggett and his wife, Cindy Downs, who resided in the State of Arkansas until late 2006 and Plaintiff believes are now residents of the State of Texas (*see* Doc. 1 at 1; Doc. 3), and Terry Wynne, a citizen of the State of Arkansas and an attorney representing Defendant Christopher Baggett in matters relating to a trust, which is the subject matter of this lawsuit (Doc. 1 at 1).

        Plaintiff's complaint concerns a trust established by Ralph M. Baggett (Grantor), the father of Plaintiff and Defendant Christopher (Doc. at 2–7). The trust was established in the State of Arkansas in 2006, placed all of the Grantor's assets in the trust, including real and personal property located in Arkansas, named Plaintiff and Defendant Christopher Baggett as beneficiaries of a portion of the assets, and named Defendant Christopher Baggett as the trustee in the event of the Grantor's death (*see id.*, attached Declaration of Trust). Plaintiff claims that Christopher Baggett breached his duties as trustee, converted trust assets that belonged to Plaintiff, and intentionally interfered with Plaintiff's "expected inheritance," and Defendants Cindy Downs and Terry Wynne conspired with

Christopher Baggett in these activities (Doc. 1 at 2–7). As relief, Plaintiff seeks the following: (1) a temporary injunction enjoining the sale or other disposal of any trust assets; (2) removal of Christopher Baggett as trustee; (3) appointment of Leslie M. Bagggett as trustee; (4) an accounting of trust assets; (5) replenishment of the trust; (6) compensatory damages; (7) punitive damages; (8) costs and interest; and (9) any other such relief as the court deems just (*id*.).

Venue for actions founded only on diversity of citizenship is governed by 28 U.S.C. § 1391(1), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Furthermore, 28 U.S.C. § 1406(a) applies in general to those actions brought in an impermissible forum, and provides that a district court may, in its discretion, transfer the action to a permissible forum. Section 1406 provides, in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

In the instant case, the allegations of the complaint suggest that a substantial part, if not all, of the events or omissions giving rise to Plaintiff's claims occurred in Arkansas, and none of Defendants' conduct occurred in Florida. Furthermore, a substantial part of the property that is the subject of the action, namely, the trust assets, is situated in Pine Bluff, Arkansas, which is located in the United States District Court for the Eastern District of Arkansas; indeed, Plaintiff does not allege that any of the trust assets are located in Florida. Moreover, the complaint is devoid of any allegation suggesting that any Defendant is subject to personal jurisdiction in Florida. Therefore, the undersigned concludes that venue is not properly laid in the Northern District of Florida, and the interest of justice requires transfer of this action to the United States District Court for the Eastern District of Arkansas. *See, e.g.,* <u>Perry v. Discover Bank</u>, 514 F. Supp. 2d 94 (D. D.C. 2007) (venue

for action brought by purported grantor to and trustee of trust property against a number of individuals, banks, and financial service companies, which asserted claims related to the property and an alleged land patent for the property, was not proper in United States District Court for the District of Columbia; none of the defendants resided in the district, plaintiffs identified no event or omission that occurred in the district, and the alleged trust property was located in Florida); Loeb v. Bank of America, 254 F. Supp. 2d 581 (E.D. Pa. 2003) (trust beneficiary's allegations of having suffered economic harm in Pennsylvania were insufficient to meet "substantial" requirements of venue statute in beneficiary's action against attorney, firm, and bank alleging breach of fiduciary duty and fraud in the management of trust assets; the correspondence and telephone calls upon which beneficiary relied, which allegedly occurred in same district in which he suffered economic harm, did not form substantial part of the events or omissions forming the basis of the action).

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Eastern District of Arkansas.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 1st day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:08cv39/MCR/EMT